UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
KEVIN ANTOINE,

                Plaintiff,                    MEMORANDUM AND ORDER
                                                            19-CV-4778

      - against -

STATE UNIVERSITY OF NEW YORK
DOWNSTATE MEDICAL CENTER,

                Defendant.
---------------------------------------------------------x
GLASSER, Senior United States District Judge:

        Kevin Antoine brings this action against his former employer, State University of New York Downstate Medical Center ("Downstate"), asserting claims of retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C § 2000e *et seq.* and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*  Downstate now moves to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons that follow, the motion to dismiss is **GRANTED**.

## BACKGROUND

        Antoine was employed by Downstate as its Chief Diversity Officer ("CDO") from 2008 to 2018.  (ECF No. 1-2, "Compl." ¶¶ 9, 57).  Downstate is one of 64 campuses within the State University of New York ("SUNY").[1]  As CDO, Antoine was tasked with implementing its affirmative action policy and overseeing the creation of a standalone Office of Diversity and Inclusion ("ODI"), which previously operated within Downstate's human resources ("HR")

---

[1] Downstate is a subdivision of SUNY, which defendant advises is the only legal entity subject to suit in this case. Accordingly, the Court refers to Antoine's place of employment as "Downstate," and the university system as "SUNY."

department.  (*Id.* ¶¶ 11–12).  Downstate's administrators hoped that an independent ODI would provide greater "oversight and auditing of personnel decisions."  (*Id.* ¶ 12).

In 2015, SUNY created a task force to develop a "Diversity Equity and Inclusion" policy to be implemented at all campuses ("SUNY Diversity Policy").  (*Id.* ¶¶ 23–26).  The SUNY Diversity Policy provided that each campus would appoint a CDO who would report directly to the campus president, rather than to the HR department.  (*Id.* ¶ 29).  In accordance with that guidance, Antoine reported directly to Downstate's President.  (*Id.* ¶¶ 32–35).

Antoine alleges that when Wayne Riley was appointed as Downstate's President, he implemented a new organizational structure which resulted in Antoine's "de facto demotion."  (*Id.* ¶¶ 36, 40).  Although the complaint leaves vague the precise contours of the "new" structure, Antoine was now required to report to the HR department.  (*Id.* ¶ 45).  As a result, Antoine alleges that his influence was diminished; he no longer met with the President, the HR department no longer consulted his office regarding personnel decisions, and his offices were moved to the HR department.  (*Id.* ¶ 51).

On April 8, 2017, in response to these changes, Antoine sent an email to Downstate's Chief of Staff and Riley expressing concerns that the new reporting structure was not compatible with the SUNY Diversity Policy.  (*Id.* ¶ 45).  Antoine next met with the Chief of Staff on April 13, 2017, however no specific details of that meeting are provided.  (*Id.* ¶ 46).  On April 22, 2017, Antoine repeated his concerns via email to the Chief of Staff, but never received a response.  (*Id.* ¶¶ 47–48).  Although the complaint alleges that Antoine later contacted SUNY's General Counsel, no facts concerning those communications are alleged.  (*Id.* ¶ 49).  As a result of his asserted "de facto demotion," Antoine claims that he and the ODI were "relegate[d]" to their "status as an appendage of the Human Resources Department."  (*Id.* ¶ 52).

**Procedural History**

On August 24, 2017, Antoine filed a charge with the EEOC, alleging that Downstate's failure to comply with the SUNY Diversity Policy resulted in a hostile work environment in violation of Title VII and the NYSHRL.  (*Id.* ¶ 53).  The EEOC issued a right to sue letter on December 28, 2017.  (*Id.* ¶ 54).  On April 5, 2018, Antoine filed a complaint in New York state court alleging the same claims as his EEOC charge and a violation of Executive Order No. 6, N.Y. Comp. Codes R. & Regs. tit. 9, § 4.6.[2]  (*Id.* ¶¶ 53, 56).  ("*Antoine I*").  Days later, Antoine received a letter from Downstate terminating his employment.  (*Id.* ¶ 57).  Antoine stipulated to discontinue *Antoine I* on April 30, 2019.  (ECF No. 15-2).

On July 16, 2019, Antoine filed another complaint in this case in New York state court, alleging that his termination was in retaliation for his opposition to Downstate's noncompliance with the SUNY Diversity Policy in violation of Title VII and the NYSHRL.  ("*Antoine II*").  SUNY removed the case to this court on August 20, 2019, and now moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim.  SUNY contends that: (1) Antoine's Title VII claim is untimely and administratively unexhausted; and (2) he has not alleged an actionable claim for retaliation.

**LEGAL STANDARD**

---

[2] Executive Order No. 6, N.Y. Comp. Codes R. & Regs. tit. 9, § 4.6 provides that:

> It is the policy of the State of New York that equal opportunity be assured in the State's personnel system and affirmative action provided in its administration, in accordance with the requirements of the State's Human Rights Law and the mandates of title VII of the Federal Civil Rights Act, as amended. Accordingly, it is the responsibility of the State's Department of Civil Service to enforce the State's policy of ensuring full and equal opportunity for minorities, women, disabled persons and Vietnam era veterans at all occupational levels of State government.

It is axiomatic that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must accept well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

## DISCUSSION

### I.      Title VII Retaliation Claim

While the parties extensively dispute the timeliness of Antoine's Title VII retaliation claim and administrative exhaustion, their dispute is largely academic. Even if the claim were properly considered, it would fail as a matter of law.

To state a claim for retaliation, Antoine must allege "(1) participation in a protected activity; (2) the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (quoting *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005)).

Under Title VII, there are two categories of protected activity: (1) opposition to any practice made unlawful by Title VII; and (2) participation in an investigation, proceeding, or hearing under Title VII. *Littlejohn v. City of New York*, 795 F.3d 297, 316 (2d Cir. 2015). Antoine pleads neither. Instead he alleges that he opposed Downstate's failure to comply with the SUNY

Diversity Policy by filing an EEOC charge and a state court complaint opposing the change of organizational structure.  Throughout these allegations, one fact is fatally absent - that Antoine's opposition or participation in the structural change was a protected activity.

 The Second Circuit has recently interpreted the Supreme Court's decision in *Crawford v. Metropolitan Government of Nashville & Davidson County*, 555 U.S. 721, to mean "that protected activities are not limited to complaints involving discrimination against the complainant herself, but also extend to complaints of discrimination on behalf of other employees and complaints of discriminatory practices generally."  *Littlejohn*, 795 F.3d at 317. However, in this case, unlike the plaintiff in *Littlejohn*, Antoine did not make a complaint of discrimination against himself or on behalf of others. Rather, he made complaints regarding a changing policy and how it would affect the reporting structure for future complaints and SUNY's general anti-discrimination compliance efforts.

Antoine fails to plead engagement in a protected activity. An employee's disagreement with a change in organizational structure does not qualify as a protected activity under Title VII because it has no direct relation to discrimination. Antoine attempts to transform what is an administrative grievance into a discrimination claim.  His own allegations illustrate this well: "Downstate's administration had resolved to relegate the CDO position and ODI to its former status as an appendage of the Human Resources department, with little opportunity for creating real accountability in the campus' personnel-related practices."  (Compl. ¶ 53).

Antoine incorrectly assumes that he engaged in a protected activity by virtue of filing an EEOC charge and state court complaint, in which he opposed Downstate's policies for monitoring discrimination.  In doing so, he relies upon *Littlejohn* for the proposition that protected activities "encompass[] an employee's complaints of discrimination when the employee's job duties involve

reporting, investigating and/or preventing discrimination."  (ECF No. 12 at 16).  However, as set forth above, Antoine does not allege any discrimination whatsoever on the part of Downstate or SUNY. That is the critical difference between Antoine's case and *Littlejohn*.  In *Littlejohn*, the plaintiff actually opposed discriminatory practices that were racially motivated.  Antoine, on the other hand, does not allege that he lodged any complaints of discrimination based upon a protected category.  In fact, the complaint is utterly devoid of any allegation as to Antoine's, or anyone else's, race, sex, national origin, or religion.  On that basis alone, his Title VII claim warrants dismissal.

## II.     NYSHRL Retaliation Claim

Although Antoine requests that the Court remand the case if it dismisses the Title VII claim, doing so would be an exercise in futility.  "[T]his Court has already effectively resolved plaintiff's NYSHRL claims as the substantive standards for liability under the statutory schemes are coextensive."  *Caesar v. Riverbay Corp.*, No. 15 Civ. 8911 (NRB), 2017 WL 6887597, at *12 (S.D.N.Y. Dec. 27, 2017) (citing cases).  Because Antoine's federal and NYSHRL claims arise from the same set of operative facts and because the same legal standards apply to both, requiring SUNY to re-litigate the NYSHRL claims in state court would not serve the interest of judicial economy. Accordingly, the Court grants SUNY's motion to dismiss Antoine's NYSHRL claim.

## CONCLUSION

For the reasons set forth above, SUNY's motion to dismiss is **GRANTED** and Antoine's complaint is dismissed in its entirety.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:        Brooklyn, New York
              January 13, 2021

/s/ _____
I. Leo Glasser                                    U.S.D.J.

6